IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY OLIVE, Inmate #B-45286, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 06-729-JPG |
| | ) | |
| H. SCHULER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

In a separate order, the Court granted Plaintiff's motion to proceed *in forma pauperis*. Several other motions remain pending in this action.

**MOTION FOR PROPOSED SETTLEMENT (DOC. 3)**

In this motion, Plaintiff offers to dismiss this action in its entirety if Defendants will present their "reliable source" for a polygraph examination. Such a motion for settlement is premature, as the Court has yet to complete its review of the complaint. *See* 28 U.S.C. § 1915A. Accordingly, this motion is **DENIED** without prejudice.

**MOTION FOR PRELIMINARY INJUNCTION (DOC. 4)**

In considering whether to grant injunctive relief, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the

irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999).

Without expressing any opinion on the merits of Plaintiff's claims for relief in his complaint, the Court is of the opinion that a preliminary injunction is not warranted at this time. Therefore, this motion is **DENIED**.

**MOTION TO APPOINT COUNSEL (DOC. 7)**

When deciding whether to appoint counsel, the Court must first determine if a *pro se* litigant has made reasonable efforts to secure counsel before resorting to the courts. *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). Plaintiff makes no showing that he has attempted to retain counsel. Therefore, the Court finds that appointment of counsel is not warranted at this time. Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 20, 2006.

                                            s/ J. Phil Gilbert
                                            U. S. District Judge