IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY OLIVE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 06-729-JPG |
| | ) |
| H. SCHULER, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the amended complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such
>     relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

Pursuant to 42 U.S.C. § 1997e(a), an inmate complaining of the conditions of his confinement must exhaust his administrative remedies *prior* to filing suit. Failure to so exhaust is grounds for summary dismissal of the complaint. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Lewis v. Washington*, 300 F.3d 829, 834 (7th Cir. 2002); *Ester v. Principi*, 250 F.3d 1068, 1071 (7th Cir. 2001); *Bigboy v. Smith*, 210 F.3d 374 (7th Cir. 2000). Although failure to exhaust is an affirmative defense, *see Jones v. Bock*, 127 S.Ct. 910, 916 (2007), "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).

This action involves denial of medication care, the improper conduct of a prison employee, and due process issues involving disciplinary matters . Plaintiff clearly concedes that he did not exhaust his administrative remedies on these matters **prior** to filing suit – "The grievance process is not complete, grievances are still pending." (Doc. 14 at 2). Therefore, because this affirmative defense is clear on the face of the complaint, the Court need not wait for Defendants to raise this argument.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** without prejudice to filing a new complaint once Plaintiff has exhausted his administrative remedies.

**IT IS SO ORDERED.**

**Dated: August 17, 2007.**

                                                  **s/ J. Phil Gilbert**
                                                  **U. S. District Judge**